FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 04 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JIAXING GLOBALLION IMPORT & EXPORT CO., LTD., itself and as assignee of SHANGHAI MAOJI IMPORT & EXPORT CORPORATION LIMITED, and JIAN FENG LIU, individually and/or derivatively on behalf of Argington, Inc.,

                Plaintiffs,

– against –

ARGINGTON, INC., ANDREW F. THORNTON, and JENNIFER L. ARGIE a/k/a JENNIFER L. THORNTON,

                Defendants.

**JUDGMENT AND ORDER**

11-CV-6291



JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I. Introduction ............................................................................................................. 2
II. Facts ........................................................................................................................ 2
III. Law .......................................................................................................................... 4
   A. Summary Judgment Standard ........................................................................ 4
   B. Piercing the Corporate Veil under Missouri Law ............................................ 5
IV. Application of Law to Facts ..................................................................................... 6
   A. Control of the Corporation ............................................................................. 6
   B. Breach of Duty ................................................................................................ 7
   1. Comingling of Corporate Funds and Personal Funds ..................................... 7
   2. Undercapitalization ......................................................................................... 8
   C. Proximate Causation ....................................................................................... 9
V. Conclusion ............................................................................................................... 9



## I. Introduction

Plaintiffs sued Argington, Inc. ("Argington") and its shareholders, Andrew F. Thornton and Jennifer L. Argie (the "Individual Defendants"), for breach of contract. A default judgment was entered against Argington. *See* Default J., April 23, 2013, ECF No. 62.

Plaintiffs now move for summary judgment against the individual defendants piercing the corporate veil. The court previously ruled that the law of the state of Missouri applies to corporate veil issues. *See* Ct. Mem. & Order 5, Apr. 2, 2012, ECF No. 24.

Defendant Argie has filed for bankruptcy; proceedings against her are therefore stayed. *See* Ct. Order Staying Case, ECF No. 106. Judgment piercing the corporate veil as to defendant Thornton is granted.

## II. Facts

Plaintiff Jiaxing Globallion Import & Export Co., Ltd. ("JG") and Shanghai Maoji Import & Export Corp., Ltd. ("SM") are Chinese corporations. Their principle place of business is in China. *See* Pl.'s Compl. ¶¶ 3-4. Liu, a Chinese citizen, is the president, general manager, and controlling shareholder of JG. *Id.* ¶¶ 5-6.

Argington is a Missouri corporation. It distributes children's furniture and children's furniture parts. Its registered office address is in Kansas City, Missouri. *Id.* ¶¶ 7, 13. Plaintiffs contend that the corporation's principle place of business is in Brooklyn, New York, and that

they conducted business transactions there. *Id.* ¶ 40. The individual defendants reside in Brooklyn. *Id.* ¶¶ 9-10.

In 2008, Argington contacted JG seeking a supply of children's furniture and children's furniture parts. *Id.* ¶ 14. The parties agreed that JG was to be paid within thirty days of the estimated time of arrival of the goods in the United States. *Id.* ¶ 15. Between April 2009 and August 2011, JG manufactured and delivered to Argington twenty-eight shipments for a contract price of $898,240.85. *Id.* ¶ 12. Argington paid $377,392.93, but refused to pay the balance of $520,847.85. *Id.* ¶¶ 17-18.

Due to quota restrictions, JG was unable to fulfill all of Argington's purchase orders. *Id.* ¶ 19. Since SM had the proper permits, at Argington's request, JG processed the extra orders and forwarded them to SM. *Id.* Between May 2009 and November 2011, JG manufactured and delivered to Argington, through SM, twenty-three shipments for a contract price of $413,882.43. *Id.* ¶12. Argington paid $334,285.08, but refused to pay the balance of $79,597.35. *Id.* SM assigned all of its claims against Argington to JG. *Id.* ¶ 20.

JG suspended its shipments to Argington, and demanded that the corporation pay the outstanding balance. Argington, through the individual defendants, offered as payment to transfer thirty percent of its common stock in the corporation and thirty percent of its profits to Liu in exchange for an extension of time for Argington to pay its balance and the resumption of shipments. *Id.* ¶ 29. The parties agreed that new shipments would be paid for in three months, and JG resumed shipments. Pl's Compl. ¶¶ 31-32. The stock was transferred on September 17,

2010. *Id.* ¶ 30; *see also* Ct. Mem. & Order, Ex. A, ECF No. 24. Liu has never been permitted to exercise his rights as a shareholder. *See* Thornton Dep. 55:17-56:15.

The court finds: First, the individual defendants exercised complete control over Argington. *See* Pl.'s Mem. Supp. Mot. Summ. J. 8; Thornton Dep. 17:2-20:5; Argie Dep. 13:9-14:24. Second, defendants failed to adhere to the formalities of corporate existence; they comingled funds and undercapitalized Argington. *See* Pl.'s Mem. Supp. Mot. Summ. J. 8-9; *See* Decl. of Songlin Yi, CPA 4-9. Third, defendants' conduct proximately caused plaintiffs' injury-an unsatisfied money judgment.

## III. Law

### A. Summary Judgment Standard

Summary judgment is warranted if, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Anderson*, 477 U.S. at 247–50, 255. Evidence offered to demonstrate a genuine dispute regarding a material fact must consist of more than "conclusory allegations, speculation or conjecture." *Cifarelli v. Vill. Of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see Del. & Hudson Ry. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue"). "If the non-movant fails 'to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on' an essential element of the claim, summary judgment is granted." *Guisto v. Stryker Corp.*, No. 12-

CV-2489, 2013 WL 2417685 (E.D.N.Y. June 4, 2013) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir.1992)); *see e.g., Anderson*, 477 U.S. at 248–49.

### B. Piercing the Corporate Veil under Missouri Law

Piercing the corporate veil is "a separate and distinct cause of action" under Missouri law. *See Irwin v. Bertelsmeyer*, 730 S.W.2d 302, 304 (Mo. App. E.D. 1987). The State recognizes "narrow circumstances in which the 'corporate veil' can be 'pierced' in order to hold the corporation's owners liable for its debt." *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 40 (Mo. 1999).

Plaintiff must demonstrate the following:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*See Collet v. Am. Nat. Stores, Inc.*, 708 S.W.2d 273, 284 (Mo. Ct. App. 1986).

"When a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice." *Osgood v. Midwest Parking Solutions*, No. 4:07CV1365SNLJ, 2009 WL 4825192 (E.D. Mo. Dec. 11, 2009) (collecting cases).

In determining whether individual defendants exercised sufficient control over the corporation to justify piercing, courts look to whether they are the "sole officers, directors and shareholders"; whether they "made all corporate decisions and controlled all corporate

activities"; and whether the property from which the corporation operated was owned by the individual defendants. *See Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 774 (Mo. Ct. App. 1994); *see also McCormick v. Cupp*, 106 S.W.3d 563, 568 (Mo. Ct. App. 2003); *Saidawi v. Giovanni's Little Place, Inc.*, 987 S.W.2d 501, 505 (Mo. Ct. App. 1999).

Plaintiffs must also show a breach of duty – i.e., "that this control was used by the corporation to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights...." *Mobius Mgmt. Sys., Inc. v. W. Physician Search, L.L.C.*, 175 S.W.3d 186, 188 (Mo. Ct. App. 2005). Plaintiffs are not required to show actual fraud. *Id.* "In some situations, the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors." *Id.*; *see also Sunbelt Envtl. Services, Inc. v. Rieder's Jiffy Mkt., Inc.*, 138 S.W.3d 130, 135 (Mo. Ct. App. 2004); *Osgood v. Midwest Parking Solutions*, No. 4:07CV1365SNLJ, 2009 WL 4825192 (E.D. Mo. Dec. 11, 2009). The Missouri Court of Appeals has explained that "[i]nadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others." *Mobius Mgmt. Sys., Inc.*, 175 S.W.3d at 189.

IV. **Application of Law to Facts**

A. **Control of the Corporation**

The defendants exercised complete control over the corporation. Prior to September 2010 Thornton and Argie, a married couple, were the sole shareholders, officers, directors, and agents

of Argington. They had complete control and dominion over Argington. *See* Pl.'s Compl., ¶48; Def. Answer to Compl. ¶ 48.

In Thornton's deposition, he testified that he and Argie are the joint decision-makers for the company. *See* Thornton Dep. 17:1-25. They make all necessary decisions with regard to Argington's business operations, including products to be purchased and sold. Thornton Dep. 18:1-8. He also testified that they jointly control hiring and salaries. Thornton Dep. 19:15. There was no person who had direct influence over their decisions. *See* Thornton Dep. 55:17-20.

### B. Breach of Duty

#### 1. Comingling of Corporate Funds and Personal Funds

Defendants breached their duty by comingling the corporation's funds with their own. *See* Decl. of Songlin Yi, CPA 4. Argington's QuickBooks data demonstrates that the company paid Thornton's and Argie's personal expenses and obligations. *Id.* These payments are classified as "Personal" in QuickBooks. *See* Pl.'s Mem. Supp. Mot. Summ. J. Ex. E. They made personal cash withdrawals and payments for personal effects to Costco, Crate & Barrel, Home Depot, Hunter Mountain Ski Bowl, IKEA, Key Foods, Prospect Park Tennis, and Target. *See id.* QuickBooks also shows that corporate funds were used to pay defendants' personal debts, Pl.'s Mem. Supp. Mot. Summ. J. Ex. E-1, as well as personal obligations for home mortgage payments. Pl.'s Mem. Supp. Mot. Summ. J. Ex. E-2, Pl.'s Mem. Supp. Mot. Summ. J. Ex. E-4.

On their personal income tax forms, defendants failed to declare the personal expenses paid with corporate funds as income. Hr'g Tr. 22:10-20, Mar. 24, 2014. Improperly, the

corporate tax forms did not reflect those payments as expenses. *See id.* 23:14-25. A certified public accountant, Songlin Yi, asserted that the corporation's assets were drained because they were commingled with shareholders' personal assets and utilized to meet personal needs. *See* Decl. of Songlin Yi, CPA 6.

### 2. Undercapitalization

Argington was undercapitalized as a result of the defendants using corporate assets for personal use. Yi stated in his declaration that since 2009 the corporation has lacked sufficient owners' capital and has heavily relied on debts to survive. *See* Decl. of Songlin Yi, CPA 6. The comparison of the shareholders' equity recorded in Quickbooks with tax returns demonstrates that the corporation was low on equity in 2009 and had negative capital in 2010-2012. *See id.* at 6-7. From January 1, 2009 to December 31, 2012, based on the change of balance reported on the 2009 to 2012 tax returns, the corporation's indebtedness to vendors and other creditors increased from zero to $558,515. *See* Pl.'s Mem. Supp. Mot. Summ. J. Ex. G. Simultaneously, the shareholders disbursed $554,526 from the corporation to themselves. This movement of assets demonstrates that defendants' priority was paying their personal expenses and not the corporation's outstanding liabilities.

The defendants stripping corporate assets was evinced by the discrepancies between the corporation's Quickbooks and tax returns. Yi noted that he believes the defendants misstated their Quickbooks entries, by not including loans to the themselves, in order to conceal their financial obligations to Argington. *See* Decl. of Songlin Yi, CPA 9; Pl.'s Mem. Supp. Mot. Summ. J. Ex. D, Balance Sheet printout from Quickbooks.

In 2012 defendants increased their loan from the corporation from $25,123 to $193,146, which was equivalent to an additional $168,123 disbursement to themselves. *See* Decl. of Songlin Yi, CPA 7. Thus, as of December 31, 2012, the shareholders owed the corporation $193,146. *See id.* at 7; Ex. I, 2012 Tax Return, at 4, Schedule L, Line 7, column (d). From January 1, 2009 through December 31, 2012, the corporation paid the defendants' personal expenses and obligations by increasing the account payable to vendors and other creditors. *See* Decl. of Songlin Yi, CPA 7.

### C. Proximate Causation

Plaintiffs have established the third requirement for piercing the corporate veil: the defendant's control and breach of duty proximately caused the injury or unjust loss. *See Mobius Mgmt. Sys.*, 175 S.W.3d 186. The plaintiffs' injury is the unsatisfied money judgment against Argington for $672,905.22, entered in this action on April 23, 2013. *See* Pl.'s Rule 56.1 St., ¶¶ 10 and 20. Plaintiffs have not been paid because Thornton and Argie drained Argington of the capital needed to satisfy the judgment.

## V. Conclusion

Plaintiffs' motion for summary judgment piercing the corporate veil is granted. Defendant Andrew F. Thornton is held personally liable for the judgment against Argington.

Judgment shall be entered in the amount of $672,905.22 in favor of the plaintiffs against Andrew F. Thornton. The action against Jennifer L. Argie is stayed.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 3, 2014
Brooklyn, New York

*Close the case 4/3/14 JBW*